# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-2545

———————

United States of America,

        Appellee,

v.

John Thomas Olson,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Minnesota.
\*
\*  [UNPUBLISHED]
\*

———————

Submitted: March 12, 2010
Filed: April 14, 2010

———————

Before RILEY,[1] Chief Judge, BRIGHT, and WOLLMAN, Circuit Judges.

———————

PER CURIAM.

John Thomas Olson appeals his sentence, contending that his two previous Minnesota convictions for fleeing a peace officer in a motor vehicle do not constitute crimes of violence and that the district court therefore erred when it sentenced him as a career offender.

Olson pleaded guilty to conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1),

———————

[1]The Honorable William Jay Riley became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2010.

841(b)(1)(A), and 846, and to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court determined that Olson's two convictions for fleeing a peace officer in a motor vehicle, in violation of Minnesota Statutes § 609.487 subdivision 3, constituted crimes of violence under the United States Sentencing Guidelines Manual (U.S.S.G.). This determination caused Olson to be classified as a career offender, and it increased his base offense level for the firearm conviction, his total offense level, and his criminal history category, resulting in a guidelines range of 188 to 235 months' imprisonment. After taking into account Olson's trial testimony against a co-defendant, the district court imposed a 100-month sentence on the drug charge and a concurrent sixty-month sentence on the firearm charge.

After Olson was sentenced, this court issued its opinion in United States v. Tyler, 580 F.3d 722 (8th Cir. 2009), holding that the crime of fleeing a peace officer in a motor vehicle, in violation of Minnesota Statutes § 609.487 subdivision 3, does not constitute a "crime of violence" under the sentencing guidelines. Id. at 726. Thus, Olson's convictions for fleeing cannot serve as the basis for a greater base offense level for the firearm conviction under U.S.S.G. § 2K2.1(a)(2) or to classify him as a career offender under U.S.S.G. § 4B1.1. Although Olson was sentenced below the guidelines range, we cannot discern what his sentence would have been had the guidelines range been properly calculated. Accordingly, Olson's sentence is vacated, and the case is remanded for resentencing on the record already before the district court.

_____